**UNITED STATES of America, Appellee,**

v.

**Schuyler L. MARABLE, Appellant.**

**No. 81–5001.**

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1981.

Decided Aug. 18, 1981.

Stanford R. Peerless, Norfolk, Va., for appellant.

Larry W. Shelton, Asst. U.S. Atty., Norfolk, Va. (Justin W. Williams, U.S. Atty., Alexandria, Va., Jacob Lutz, Third Year Law Student on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, HALL, Circuit Judge, and ERWIN,* District Judge.

ERWIN, District Judge:

Defendant was found guilty of the offense of assault with a deadly weapon, in violation of 18 U.S.C. § 113(f). At trial and on the day of sentencing, defendant moved for a judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. The motions were denied. The basis of the motions and this appeal is that the Government presented evidence of defendant's insanity in its case in chief, and

* The Honorable Richard C. Erwin, United States District Judge for the Middle District of North Carolina, sitting by designation.

by reason of such, the Government had to prove defendant's sanity prior to resting its case. Defendant contends on oral argument that this court should remand this case to the district court for the purpose of granting defendant's Rule 29(a) motion. We do not agree and affirm.

Two psychiatrists testified. Dr. Fathy Abdou, a witness for the defense, testified that appellant was suffering from a mental disorder called alcohol paranoia at the time of the assault. The Government's witness, Dr. Ralph H. Eisamen, testified that the appellant *was* competent and responsible for his actions on April 11, 1980, the day of the assault.

■ It is well established that a defendant in a criminal prosecution is presumed to be sane. Once, however, "some evidence" is introduced which weakens the presumption of sanity, it then becomes the Government's burden to prove beyond a reasonable doubt that a defendant is sane. There is no quantitative measure or formula that would enable a trial judge to determine precisely and automatically how much evidence is sufficient to raise an issue as to the sanity of the accused. *Hall v. United States*, 295 F.2d 26, 27–28 (4th Cir. 1961), *citing Davis v. United States*, 160 U.S. 469, 486–87, 16 S.Ct. 353, 357–358, 40 L.Ed. 499 (1895). The appellant urges that evidence sufficient to weaken the presumption of sanity was introduced during the Government's case in chief, and, therefore, the Government was obliged to prove his sanity beyond a reasonable doubt before it rested its case.

■ He bases his contention on the testimony of several of the Government's witnesses, including Ms. Eaton, concerning his behavior prior to as well as on the day of the crime.[1] Appellant submits that as the evidence was elicited during the Government's case in chief, rebuttal evidence submitted by the Government is irrelevant in determining whether it met its burden of proof. We do not agree.

While we recognize that evidence sufficient to rebut the presumption of sanity may come from any source, *United States v. Jacobs*, 473 F.2d 641, 644 (10th Cir. 1973), *cert. denied*, 412 U.S. 920, 93 S.Ct. 2740, 37 L.Ed.2d 147; *Mims v. United States*, 375 F.2d 135 (5th Cir. 1967), we have not encountered any rule which provides that if the requisite evidence is introduced during the Government's case in chief, the Government is then obligated to prove sanity beyond a reasonable doubt before the defendant presents his evidence. Neither do we find that the facts in this case provide an opportunity to fashion such a rule. We do not find that the testimony elicited from the Government's witnesses weakened the presumption of appellant's sanity. At most, he was portrayed as a jealous, suspicious, and highly emotional man. If the testimony of the prosecution witnesses be viewed as creating an issue of the defendant's competence to be submitted to the jury, it did not require the direction of a verdict of acquittal, and the Government was entitled to offer an expert witness in specific rebuttal to the defendant's expert witness on the one jury issue in the case. Not until Dr. Abdou's testimony did sanity become an issue to be affirmatively dealt with by the Government. The presentation of Dr. Eisamen as a rebuttal witness was thus entirely proper.

Having decided that the Government did not have the burden of proving appellant's sanity in its case in chief, we find that the evidence construed most favorably for the prosecution was such that the jury could find appellant guilty beyond a reasonable doubt. *United States v. Dolan*, 544 F.2d

---

1. Ms. Eaton stated during cross-examination that appellant thought that everyone was out to get him and that he was suspicious of everyone including her. She added that he was jealous of her and often accused her of having something to do with other men. Ms. Eaton also stated that appellant threatened suicide to get her sympathy, because he was afraid she would leave him for someone else. She had seen him intoxicated on several occasions.

Several other witnesses testified that they observed the appellant after he was apprehended. They all stated that he was crying and saying that Ms. Eaton was taking everything he owned. (Appendix, pp. 19–22, 35, 38, 42–43, 46)

1219, 1221 (4th Cir. 1976). Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*